PER CURIAM:
This claim was originally filed in the name of Eva Kinder, but when the testimony revealed that the automobile, a 1981 Chevrolet Chevette, was titled in the name of claimant’s hus *312 band, Tommy Kinder, the Court on its own motion amended the claim to reflect the proper party.
On April 2, 1982, Mrs. Kinder was driving her husband’s automobile on a secondary road off Route 119 in Boone County, West Virginia. At about 7:30 that evening, the car struck a pothole. The estimate for repairs to the car was $217.92. Mrs. Kinder testified that she had previously observed potholes in this road. She said that there were so many potholes “it’s like driving on an obstacle course.” She had not made any complaints to respondent concerning the condition of the road. Claimant testified that he had on several occasions mentioned the road condition to people in the Department of Highways garage at Madison, West Virginia, but no action was taken.
The State is neither an insurer nor guarantor of the safety of persons travelling on its roadways. Adkins v. Sims, 130 W.Va. 645 (1947). For negligence of the respondent to be shown, proof of notice of the defect is required. Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977). In this case, claimant testified that he had reported the road condition. The Court believes, however, that the prior knowledge of claimant and his wife concerning the road condition, makes them likewise negligent. Under the doctrine of comparative negligence, the Court is of the opinion that the claimant’s negligence was equal to or greater than the respondent’s and disallows the claim.
Claim disallowed.